**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4275**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

STEPHEN ERIC BLANTON, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:14-cr-00302-TDS-1)

Submitted:  February 25, 2016        Decided:  February 29, 2016

Before SHEDD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Eric Blanton, Jr., appeals his conviction and 120-month sentence imposed following his guilty plea, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Blanton's attorney filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but suggesting as a possible issue for review whether the district court committed reversible error when it increased Blanton's offense level pursuant to U.S. Sentencing Guidelines Manual §§ 2A4.1, 2K2.1(c)(1)(A), 2X1.1(a) (2014). Blanton has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. Finding no error, we affirm.

We review Blanton's sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This review requires our consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see

United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 421 (2014).

We conclude that Blanton's sentence is reasonable. The district court correctly calculated Blanton's Guidelines range, listened to counsel's argument, afforded Blanton an opportunity to allocute, and adequately explained its reasons for imposing the 120-month Guidelines sentence. We find that the district court did not err when it increased Blanton's offense level, pursuant to USSG §§ 2A4.1, 2K2.1(c)(1)(A), 2X1.1(a), based on Blanton's kidnapping and attempted sexual assault during the commission of the crime to which he pled guilty. See United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010) ("In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo."). Accordingly, Blanton's Guidelines

3

sentence is presumptively substantively reasonable, see United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and we discern no basis in the record to overcome this presumption.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Blanton, in writing, of the right to petition the Supreme Court of the United States for further review. If Blanton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Blanton. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED